## Rosweld W. Weld, Appellee, v. First National Bank of Englewood, Appellant.

### Gen. No. 15,832.

1.  CONTRACTS—*effect of architect's certificate.* An architect's certificate does not bind the parties to a building contract with respect to any matter not left to the determination of the architect.

2.  EVIDENCE—*when offer of proof insufficient.* An offer of proof is insufficient if instead of specifying facts it merely embodies statements of conclusions.

Appeal from the Municipal Court of Chicago; the HON. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed November 14, 1911. Rehearing denied November 28, 1911.

WILLIAM A. DOYLE, for appellant; JOSEPH J. THOMPSON, of counsel.

WEISSENBACH, SHRIMSKI & MELOAN, for appellee.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

On September 29, 1906, the parties entered into a written contract for the stone work upon a new building to be constructed for appellant. The contract provided that the work should be done under the direction of the architect, upon whose certificates payments were to be made to the contractor, the final certificate of the architect to be conclusive evidence of the performance of the contract, the work to be completed on or before December 1, 1906, and if not thus completed the contractor to pay to the owner $25 per day, as liquidated damages, for every day thereafter until the completion of the work.

The contractor did not complete the work at the time

specified, but when it was completed he made application to the architect for his final certificate, which was furnished in the following form, showing both printed and written parts (the written parts, except the check marks made in the space after the sign "$", which are made in ink,—appearing in italics):

### CERTIFICATE No. 65.

"Building No. 176.   $1,211 50|100   September 3, 1907.

To *First National Bank of Englewood*:

This is to Certify, That R. W. Weld & Co., Contractor for the.... *Granite work*....of your building *at Nos. 443-445 W. 63rd St., Chicago, Ill's,*....is entitled to a *final payment of One thousand two hundred eleven and 50|100 Dollars,* by the terms of contract.

*Julian Barnes,*
*Architect.*

Remarks:   *This contractor was forty-eight* (48) *days beyond the time specified for finishing the work under his contract, for which the contract provides a penalty of $25.00 per day.   Statements showing that the building is free from claims to accompany this certificate.*

*J. B.*"

Contract Price, ..........................$5,500.00
Extra Work, ............................$
Deduction ............................$
_____
Total, ....................................$5,500.00

Former Certificates, ......................$4,288.50
Present Certificate, ......................$1,211.50
_____
Total, ....................................$5,500.00

Balance, ................................$

Appellee brought an action of the first class in the Municipal Court of Chicago; the declaration contained several special counts, and the common counts, together with a bill of particulars, setting out the claim of the plaintiff, which included extra work, labor and material, etc., the whole aggregating $1,561.85.

A jury being waived the cause was tried by the court, and at the trial the bank tendered to Weld the sum of $11.50, which, it claimed, was all that was due. The tender was declined, and the cause proceeded.

Appellee offered in evidence the written contract together with the architect's final certificate, and also introduced testimony as to the amount of accrued interest, whereupon he rested his case.

Appellant did not offer any evidence, nor produce any witnesses. At the close of appellee's case, however, counsel for appellant made the following statement: "Defendant offers to prove that the architect decided that there was a deduction from the balance remaining unpaid on the contract price, for forty-eight days' delay, at $25 per day." To this offer the court sustained an objection, and, no further testimony being offered, found the issues in favor of appellee,—assessed its damages at $1,322.52,—being $1,211.50 mentioned in the certificate, with interest thereon.

Thereupon, and on the same day, appellant moved for a new trial, which was denied. He then entered a motion in arrest of judgment, which was also overruled, and judgment was entered upon the finding, whereupon an appeal was prayed and allowed. The cause was thus tried and disposed of June 29, 1909.

Subsequently, and on the 10th of July, 1909, appellant moved to vacate the judgment theretofore entered, basing his motion upon the grounds that if the architect's certificate does show a balance of only $11.50, there was a mistake and did not represent the decision and judgment of the architect; that a new certificate has been issued by the architect for the exact sum of

$11.50. In support of this motion appellant filed the affidavit of Julian Barnes, the architect, who swore that he decided there should be a deduction from the balance remaining unpaid of $25 per day for forty-eight days; that his decision was that there was due plaintiff but $11.50, and that he had made a new certificate for that sum, and tendered it to plaintiff. After a hearing, this motion to vacate the judgment was overruled.

Appellant files nineteen assignments of error, but his brief and arguments are directed to show, first, that a proper interpretation of the original architect's certificate showed a balance due of only $11.50; second, that if not thus interpreted, then there was an evident error in drafting the certificate, and evidence was admissible to correct the error; third, if the question of damages was, by contract, submitted to the architect, and he failed to pass upon it, then the certificate was not binding in that particular, and evidence was admissible to show the damages, and fourth, if the question of damages for delay was not submitted to the architect by the contract, then the court should have admitted evidence and made a finding with respect thereto.

It is manifest that the architect could not, by his certificate, determine any question not submitted to him by the provisions of the contract between the parties. A careful examination of the contract shows that, while it provides that the final certificate of the architect should be conclusive evidence of the completion of the work, it does not contain any provision for his certifying as to any delay in its completion. Consequently his finding or certifying in respect thereto, would in no manner bind the parties.

The offer made by appellant at the close of plaintiff's case, "to prove that the architect decided that there was a deduction from the balance remaining unpaid on the contract price, for forty-eight days' delay

at $25 per day," was properly refused. Even if the physical presence of the witnesses had been waived, the court properly refused the offer, because, first, to prove what the architect had "decided" would be merely to prove a conclusion; and, second, the contract nowhere conferred any authority upon the architect to decide this particular question.

As to the proceeding had in the case subsequent to the entry of judgment on the 29th of June, 1909, which had been preceded by a trial and a motion in arrest of judgment,—as a matter of practice, we do not think the affidavit of the architect offered and heard in support of a motion to vacate the judgment, could avail appellant, even if the affidavit had presented a meritorious defense; but, in the view we have expressed that the architect had no authority under the contract to certify as to this matter, it follows that the affidavit did not present any sufficient grounds for a new trial, even if it had been filed and heard in support of a motion for a new trial instead of a motion in arrest of judgment.

By introducing the contract, and the certificate of the architect, which was made "conclusive evidence of the completion of the work," the plaintiff made a *prima facie* case, and if the defendant wished to establish an offset or counterclaim for failure on the part of the contractor to complete the work within the time specified, he should have offered testimony showing the number of days' delay, if any. The contract between the parties has determined the measure of damages for the delay at $25 per day; however, the certificate of the architect was not evidence of the fact that there had been any given number of days' delay, because he had not been given, by the contract, any authority to certify in relation to that question.

Finding no reversible error, judgment of the court below will be affirmed.

*Judgment affirmed.*